UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN M.,

        *Plaintiff*,

  v.

FRANK BISIGNANO,
ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

        *Defendant*.

No. 24-CV-6907 (KMK)

ORDER ADOPTING R&R

KENNETH M. KARAS, United States District Judge:

  Plaintiff John M. ("Plaintiff") brings this Action against the Acting Commissioner of Social Security ("Defendant" or the "Commissioner") pursuant to 42 U.S.C. § 405(g), challenging the decision of an administrative law judge (the "ALJ") to deny Plaintiff's application for Social Security Income ("SSI") under the Social Security Act ("SSA").[1] (*See* Compl. (Dkt. 6).) On September 30, 2024, the Court referred the case to Magistrate Judge Judith C. McCarthy ("Judge McCarthy"), pursuant to 28 U.S.C. § 636(b)(1)(A). (*See* Dkt. 7.) On March 25, 2025, Plaintiff moved for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("Motion"), (Dkt. 12), which Defendant opposed, (Dkt. 16.) On September 17, 2025, Judge McCarthy issued a thorough Report and Recommendation (the "R&R") recommending that the court deny Plaintiff's Motion and dismiss the case. (Dkt. 18.)

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

Plaintiff filed Objections to the R&R on October 1, 2025.  (Pl.'s Obj. to the R&R ("Pl.'s Obj.") (Dkt. 20)).)  For the reasons discussed below, the Court adopts the R&R in its entirety.

## I.  Discussion

### A.  Standard of Review

#### 1.  Review of a Report and Recommendation

A district court reviewing a report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Pursuant to § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), parties may submit objections to the magistrate judge's report and recommendation.  The objections must be "specific" and "written," and must be made "[w]ithin 14 days after being served with a copy of the recommended disposition."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

When a party submits timely objections to a report and recommendation, the district court reviews *de novo* the portions of the report and recommendation to which the party objected.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The district court "may adopt those portions of the report and recommendation to which no 'specific written objection' is made as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law."  *Rogers v. Astrue*, 895 F. Supp. 2d 541, 547 (S.D.N.Y. 2012) (alterations adopted) (quoting Fed. R. Civ. P. 72(b)(2)).  "[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."  *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (citation and quotation marks omitted); *see also Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 517 (S.D.N.Y. 2013) (refusing to consider objections filed more

than fourteen days after the magistrate's report issued in accordance with Fed. R. Civ. P. 72(a)). Moreover, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [petition] will not suffice to invoke *de novo* review [of the magistrate's recommendations]." *Belen v. Colvin*, No. 14-CV-6898, 2020 WL 3056451, at *2 (S.D.N.Y. June 9, 2020) (citations omitted, alteration adopted); *see also George v. Pro. Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 433–34 (S.D.N.Y. 2016) (same).

    2.  Review of a Social Security Claim

In evaluating a Social Security claim, the reviewing court does not determine for itself whether the plaintiff was disabled and therefore entitled to Social Security benefits. *See Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) ("We do not substitute our judgment for the agency's or determine *de novo* whether the claimant is disabled.") (quotation marks, alterations, and citations omitted). Instead, the reviewing court considers merely "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) (alterations adopted), *amended on reh'g in part*, 416 F.3d 101 (2d Cir. 2005). Accordingly, a court may overturn an ALJ's determination only if it was "based upon legal error" or "not supported by substantial evidence." *Roma v. Astrue*, 468 F. App'x 16, 17 (2d Cir. 2012) (summary order) (citation and quotation marks omitted). "Substantial evidence is . . . more than a mere scintilla and has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ornelas-Sanchez v. Colvin*, 632 F. App'x 48, 48 (2d Cir. 2016) (summary order) (quoting *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014)) (quotation marks omitted). In considering whether substantial evidence supports the ALJ's decision, the reviewing court must "examine the

entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citation and quotation marks omitted). In determining whether a claimant is entitled to disability insurance benefits, the ALJ follows a five-step analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir. 2000) (citing *DeChirico v. Callahan*, 134 F.3d 1177, 1179–80 (2d Cir. 1998)); *see also* 20 C.F.R. § 404.1520(a)(4)(i)–(v). The claimant bears the burden of proof for the first four steps. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). If, however, the claimant proves that his impairment prevents him from performing his past work, the burden shifts to the Commissioner at the fifth step. *Id.* There, the Commissioner must prove "that there is other gainful work in the national economy that [the claimant] could perform." *Schillo v. Kijakazi*, 31 F.4th 64, 70 (2d Cir. 2022). If the ALJ determines that "significant numbers of jobs exist in the national economy that the claimant can perform," *McIntyre v.*

*Colvin*, 758 F.3d 146, 151 (2d Cir. 2014) (citation omitted), the ALJ must deny disability insurance benefits to the claimant, *see* 20 C.F.R. § 404.1520(a)(4)(v).

B.  Analysis

The Court adopts the recitation of facts set forth by Judge McCarthy in the R&R, (*see* R&R 2–14), and assumes the Parties' familiarity with them.  The Court will repeat only those facts relevant to the consideration of Plaintiff's Objections.

Plaintiff objects to Judge McCarthy's recommendation that Plaintiff's Motion be denied and his case dismissed.  (*See* Pl. Obj. 1.)  Plaintiff's objections are not a "paragon of clarity[, however,] . . . interpreting the language of the objections as broadly as possible," the Court finds that some of the objections are sufficiently distinct and detailed to at least call for *de novo* review of portions of the R&R, and declines to address those objections that would needlessly duplicat[e] the efforts of Judge McCarthy.  *McGovern v. Berryhill*, No. 15-CV-10057, 2018 WL 1587154 at *2 (S.D.N.Y Mar. 29, 2009); *cf. Vega*, 2002 WL 31174466, at *2 (refusing to consider objections where the claimant had "simply rearranged many portions of his original brief" and "[i]n fact, throughout his objections, [the claimant] cite[d] back to his original brief in support of his renewed objections").  In particular, the Court addresses Plaintiff's assertion that the ALJ improperly considered Plaintiff's lack of medical records, insurance, and work history in determining Plaintiff's credibility.  (*See* Pl. Obj. 1–2.)

1.  Plaintiff's Medical Records

Plaintiff claims that "[t]he ALJ uses [Plaintiff's lack of medical records] as a way to discredit Plaintiff's testimony . . . when it is not the lack of symptoms that kept [Plaintiff] from getting treatment, but rather the lack of finances."  (Pl. Obj. 2.)  However, "Plaintiff is not arguing that the [ALJ's] duty to develop the record was not achieved[.]"  (*Id.* 1.)  A review of the

administrative record makes clear that the ALJ carefully evaluated the medical evidence contained in the record and only referenced Plaintiff's lack of ongoing medical treatment to contextualize his reliance on the consultative examination by Dr. Manuel Paz. (*See* Admin. R. ("R.") 23 ("The medical evidence lacks any records of ongoing treatment related to the claimant's knee. The only comprehensive physical examination within the record is a consultative examination.").) The ALJ even notes that the Plaintiff's treatment "has been limited due to not having insurance[,]" (*id.*), which suggests that the ALJ understands Plaintiff's lack of ongoing medical treatment stems from his financial situation and not a lack of symptoms or credibility.

Plaintiff also mischaracterizes the administrative record in claiming that the ALJ "uses the fact that Plaintiff makes his medical appointments as long as there is no issue with insurance or transportation to point to inconsistency between Plaintiff's testimony and the record." (Pl. Obj. 2.) While it is true that the ALJ references Plaintiff's lack of medical insurance and transportation issues, it is in the context of evaluating the findings of Dr. Goldstein's consultative exam. (*See* R. 25). The passage in question reads:

> "Dr. Goldstein's opinion regarding [Plaintiff's ability to sustain an ordinary routine and regular attendance at work] is also unpersuasive as this level of restriction is not supported by the overall record, in which there are no reference of significant issues maintaining his scheduled appointments outside of any insurance or transportation issues."

(*Id.*) Thus, the ALJ did not use Plaintiff's lack of insurance or reliable transportation to impermissibly discredit Plaintiff's testimony.

2. Plaintiff's Credibility

Plaintiff also contends that the ALJ uses "cherry-picked or factually incorrect" statements "to discredit" Plaintiff, including "conveniently le[aving] out" details about the help Plaintiff

6

receives in completing his activities of daily living ("ADLs").  (Pl. Obj. 2.)  Additionally, Plaintiff takes issue with Judge McCarthy's assertion that Plaintiff's "lack of work history works against him" because "[h]is mental impairments" existed prior to the onset date alleged in his claim.  (*Id*.)

Plaintiff's assertion that the ALJ left out details regarding the help Plaintiff receives from his sister in completing his ADLs is inaccurate.  Review of the administrative record shows that the ALJ acknowledged the help Plaintiff receives from his sister in completing these activities.  (*See* R. 24 ("In both [of] the [Plaintiff]'s consultative evaluations, he confirmed that he was able to cook, clean, do laundry, and shop, though he indicated that his si[s]ter helped him with these activities in one of the examinations"); *Id.* 23 ("[Plaintiff] is able to bath[e] and dress himself, prepare himself food, and help with small household chores, including sweeping.  However, his sister does the majority of the household chores and laundry.").)  Thus, the Court declines to disturb the ALJ's findings on this ground.

Plaintiff also mischaracterizes the nature of the R&R's statement about the impact his lack of work history had on the underlying proceedings.  Plaintiff objects to the R&R on the ground that "the Magistrate Judge . . . [states] that the Plaintiff's lack of work history . . . works against him," (Pl. Obj. 2), but the R&R actually says that "[Plaintiff's] failure to work [prior to the onset date alleged in his disability claim] *may* negatively impact on his credibility[,]" (R&R 25 (emphasis added).)  It is well established that the word "'may' . . . is permissive, not mandatory."  *Raba v. Suozzi*, No. 06-CV-1109, 2006 WL 8435604, at *6 (E.D.N.Y. Nov. 17, 2006); *see also Biden v. Texas*, 597 U.S. 785, 802 (2022) ("'[M]ay' does not just suggest discretion, it 'clearly connotes' it." (quoting *Opati v. Republic of Sudan*, 590 U.S. 418, 428 (2020)).  The R&R's statement about the impact Plaintiff's lack of work history may have had

on the ALJ's credibility determination merely acknowledged that Plaintiff's "poor work history could support one of two conclusions . . . just as a good work history may be deemed probative of credibility, a poor work history can reasonably be deemed to have the opposite significance." *Schaal v. Apfel*, 134 F.3d 496, 502 (2d Cir. 1998).  There is nothing impermissible about this statement that warrants remand.

### III.  Conclusion

For the reasons set forth above, the R&R is adopted in its entirety.  The Clerk of the Court is respectfully directed to terminate the pending Motion at Dkt. 12 and close the case. SO ORDERED.

Dated:   October 24, 2025
        White Plains, New York

KENNETH M. KARAS
United States District Judge